Matter of Gricel R. v Felix R. (2018 NY Slip Op 05314)





Matter of Gricel R. v Felix R.


2018 NY Slip Op 05314


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-08816
 (Docket No. G-27373-13)

[*1]In the Matter of Gricel R. (Anonymous), appellant,
v
Felix R. (Anonymous), et al., respondents.


Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
Wingate Kearney & Cullen, LLP, Brooklyn, NY (Kreuza Ganolli of counsel), for respondent Heartshare St. Vincent's Services.
Mark Brandys, New York, NY, attorney for the child.
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Lillian Wan, J.), dated July 21, 2016. The order, after a hearing, dismissed the guardianship petition.



DECISION & ORDER
Motion by HeartShare St. Vincent's Services to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated December 13, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
In June 2013, HeartShare St. Vincent's Services (hereinafter the agency) filed a petition to terminate the mother's parental rights. Thereafter, in September 2013, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed as guardian for the subject child. After the Family Court found that the mother permanently neglected the child, it [*2]held a hearing on the guardianship petition, which was consolidated with the dispositional hearing in the termination of parental rights proceeding. Following the hearing, the court found that it was in the best interests of the child to be freed for adoption by his foster parent. In the order appealed from, the Family Court dismissed the guardianship petition. The petitioner appeals.
On February 23, 2017, the child was adopted by his foster parent. Thereafter, the agency moved to dismiss the appeal on the ground that it has been rendered academic by the adoption.
Contrary to the petitioner's contentions, the appeal has been rendered academic by the adoption of the child (see Matter of Monica J.T. [Norell M.W.], _____ AD3d ______, 2018 NY Slip Op 04551 [2d Dept 2018]; Matter of Aliyah B. v Taliby K., 149 AD3d 667; Matter of Destiny M.O. [Agnes W.], 106 AD3d 922; Matter of Ciara W., 57 AD3d 554), and the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court